IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

FOR PUBLICATION
March 22, 1999
Filed: March 22, 1999
Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,      )
                         )
      Appellee,          )
                         )      SHELBY CRIMINAL
                         )
                         )
Vs.                      )      HON. W. FRED AXLEY, JUDGE
                         )
                         )
                         )
RICHARD MADKINS,         )      No.  02-S-01-9805-CR-00046
                         )
      Appellant.         )


**For the Appellant:**

Richard Madkins, *Pro Se*
TDOC # 107546
C.C.A.-South Central
 Correctional Center
P. O. Box 279
Clifton, Tennessee

**For Appellee:**

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Elizabeth T. Ryan
Assistant Attorney General
Nashville, Tennessee

**At Trial:**

John W. Pierotti
District Attorney General

Lee V. Coffee
Terrell L. Harris
Assistant District Attorneys General
Memphis, Tennessee


# O P I N I O N


AFFIRMED AS MODIFIED                                ANDERSON, C.J

We granted this appeal to resolve a single issue: whether the defendant's conviction for attempted felony murder must be reversed and dismissed under our decision in State v. Kimbrough, 924 S.W.2d 888 (Tenn. 1996), which held that the offense did not exist under Tennessee statutory law.

The record indicates that the defendant was convicted of especially aggravated robbery and attempted felony murder and sentenced to 60 years for each conviction to be served consecutively. The Court of Criminal Appeals affirmed the conviction and sentence for especially aggravated robbery but concluded that the conviction for attempted felony murder had been dismissed by the trial court because a judgment of conviction was not in the record on appeal. The record on appeal was thereafter supplemented with a copy of the judgment of conviction for attempted felony murder.

We conclude, and the State concedes, that this case is controlled by Kimbrough. The dismissal of the attempted felony murder conviction is therefore affirmed because no such offense existed under Tennessee statutory law. The conviction for especially aggravated robbery and the sentence of 60 years, however, are affirmed. Accordingly, the judgment of the Court of Criminal Appeals is affirmed as modified, and this case is remanded to the trial court.

## BACKGROUND

We begin by briefly summarizing the evidence in the record. On September 27, 1993, the victim, who owned a liquor store, obtained $15,000 from the bank for the next business day. She placed the money in a sack and locked the sack in the trunk of her car.

The victim went to Mall of Memphis to do some shopping. When she left the mall and got into her car, the defendant, Richard Madkins, and a co-defendant, Jose Holmes, approached the car and demanded money. The victim tried to drive away, but

Holmes shot her through the car window, activating the car alarm. Holmes reached in and removed the keys from the ignition. He went to the other side of the car, opened the glove compartment, and pushed the button to open the trunk. Holmes took the victim's purse and the sack containing the $15,000 from the trunk.

Holmes and Madkins fled from the scene on foot but were captured a short time later. A large amount of money was found near Holmes. Several witnesses identified both Holmes and Madkins and also provided descriptions that matched the clothes that Madkins was wearing when apprehended.

The jury convicted Madkins of especially aggravated robbery and attempted felony murder. The trial court, finding Madkins to be a Range III persistent offender, imposed a 60-year sentence for each offense, to run consecutively.

On appeal, the Court of Criminal Appeals affirmed the conviction and sentence for especially aggravated robbery but, upon finding that a judgment of conviction for attempted felony murder was not in the record on appeal, concluded that the conviction had been dismissed by the trial court. The record was later supplemented to include a judgment of conviction for attempted felony murder. We granted this appeal.

## ANALYSIS

Our analysis begins with our decision in Kimbrough. There, we noted that the culpable mens rea for attempted crimes and for felony murder were intrinsically different. The statutes governing attempted crimes stated:

> (a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense;
>
> (1) Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;

(2) Acts with <u>intent to cause a result</u> that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

(3) Acts with <u>intent to complete a course of action or cause a result</u> that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

Tenn. Code Ann. § 39-12-101 (1997) (emphasis added). Under Tennessee law, a person acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's "conscious objective or desire to engage in the conduct or cause the result." Tenn. Code Ann. § 39-11-302(a) (1997).

In contrast, the offense of felony murder in effect at the time of Madkins' crime required "[a] <u>reckless</u> killing of another committed in the perpetration of, or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping or aircraft piracy." Tenn. Code Ann. § 39-13-202(a)(2) (1991).[1] Thus, recklessness as a <u>mens</u> <u>rea</u> sufficed to support a felony murder conviction for a death occurring during one of the enumerated felonies.

After analyzing and contrasting these elements, we observed that a charge of attempted felony murder is "inherently inconsistent, in that it requires that the actor have intended to commit what is deemed an unintentional act." <u>Kimbrough</u>, 924 S.W.2d at 890. Thus, like nearly every jurisdiction that has addressed the issue, we concluded that the offense of attempted felony murder does not exist:

> [I]t is illogical that someone could intend to cause someone else's death through negligence or even recklessness. While one may reasonably conclude that a defendant intentionally behaved in a reckless manner and may have intended to kill the victim, it does not make sense to say that a defendant intended to kill the victim by being reckless.
>
> We conclude that one cannot intend to accomplish the unintended. Consequently, the offense of attempted felony-murder does not exist in Tennessee.

---

[1] As we observed in <u>Kimbrough</u>, the legislature amended the statute in 1995 to delete the <u>mens rea</u> of recklessness. Tenn. Code Ann. § 39-13-202(a)(2) (Supp. 1996).

Id. at 892. Accordingly, as the State concedes, Madkins' conviction for attempted felony murder is reversed and dismissed.

Although not specifically addressed by the parties or the Court of Criminal Appeals, we now turn to the question of whether the prosecution may proceed against the defendant on other charges. The record shows that Madkins was indicted for attempted premeditated murder and attempted felony murder and that both counts were submitted to the jury. The instructions required the jury to begin by considering attempted premeditated murder; if the jury found the defendant not guilty of attempted premeditated murder, it was to acquit him of that offense and next consider attempted felony murder. If the jury found Madkins not guilty of attempted felony murder, it was to acquit him of that charge and consider the lesser offense of attempted second degree murder.

Given these sequential instructions, the jury's conviction for attempted felony murder was an implied acquittal of attempted premeditated murder. Schiro v. Farley, 510 U.S. 222, 236, 114 S. Ct. 783, 792, 127 L. Ed. 2d 47 (1994); Green v. United States, 355 U.S. 184, 190, 78 S. Ct. 221, 225 (1957). Moreover, under the instructions, the verdict of guilty as to attempted felony murder necessarily means that the jury did not consider the charge of attempted second degree murder, which was properly charged as a lesser offense to attempted premeditated murder. The prosecution is, therefore, able to proceed on this charge upon remand to the trial court should it elect to do so. See State v. Burns, 979 S.W.2d 276, 279 n.2 (Tenn. 1998).

## CONCLUSION

We affirm the dismissal of the defendant's conviction for attempted felony murder for the reasons set forth above. The defendant's conviction for especially aggravated robbery and sentence of 60 years, however, are affirmed. Accordingly, the judgment of the Court of Criminal Appeals is affirmed as modified, and this case is

remanded to the trial court for further proceedings.  Costs of the appeal are taxed to the State.

-6-

_____
RILEY ANDERSON, CHIEF JUSTICE


**CONCUR:**
Drowota, Birch, Holder, and Barker, JJ.