IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief April 22, 2002

## RICHARD MADKINS v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission**
**No. 20101442     Randy C. Camp, Commissioner**

---

**No. W2001-03002-COA-R3-CV - Filed May 29, 2002**

---

Plaintiff was convicted of especially aggravated robbery and attempted felony murder. The trial court sentenced Plaintiff to two consecutive sentences of sixty years for each count. In an opinion filed on March 22, 1999, the Tennessee Supreme Court reversed Plaintiff's conviction for attempted felony murder, concluding that the offense did not exist in Tennessee. On March 28, 2001, Plaintiff sued the State of Tennessee in the Division of Claims Administration. The State filed a motion to dismiss Plaintiff's action, which the Claims Commission granted. Plaintiff appeals the decision of the Claims Commission. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee Claims Commission Affirmed**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Richard Madkins, *Pro Se*.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Martha A. Campbell, Senior Counsel, for the State of Tennessee.

### OPINION

On October 5, 1994, Richard Madkins was convicted of especially aggravated robbery and attempted felony murder in Shelby County Criminal Court. The court sentenced Mr. Madkins to two consecutive sentences of sixty years for each count. Ultimately, Mr. Madkins appealed the court's decision to the Tennessee Supreme Court. The supreme court affirmed Mr. Madkins's conviction for especially aggravated robbery. *State v. Madkins*, 989 S.W.2d 697, 699 (Tenn. 1999). The court reversed Mr. Madkins's conviction for attempted felony murder, holding that the offense of attempted felony murder does not exist in Tennessee. *Id.*

On March 28, 2001, Mr. Madkins filed a claim with the Division of Claims Administration. This claim was ultimately transferred to the Tennessee Claims Commission. The basis of Mr. Madkins's claim was that the State negligently deprived him of his statutory rights in violation of Section 9-8-301(a)(1)(N) of the Tennessee Code. Within Mr. Madkins's claim, he asserted that the state District Attorney General and Assistant District Attorneys negligently and willfully pursued a wrongful conviction in violation of sections 39-11-101(1) and 39-11-102(a) of the Tennessee Code. Mr. Madkins further alleged that the District Attorney General and Assistant District Attorneys falsely imprisoned him in violation of section 39-13-302 of the Tennessee Code. Additionally, Mr. Madkins alleged that the state Criminal Court Judge negligently and willfully charged the jury with a non-existent criminal offense in violation of section 17-5-302(a)(1) of the Tennessee Code. Finally, Mr. Madkins contended that the Tennessee Attorney General and Assistant Attorneys negligently and willfully defended the criminal offense of attempted felony murder in violation of section 8-6-109 of the Tennessee Code.

The State filed a motion to dismiss Mr. Madkins's claim pursuant to 12.02 of the Tennessee Rules of Civil Procedure. To support its motion, the State contended that the Claims Commission was without jurisdiction to hear Mr. Madkins's claim, that the claim was barred by the statute of limitations, and that the doctrine of absolute immunity barred Mr. Madkins's claim. The Claims Commission granted the State's motion.

In response to the Claims Commission's ruling, Mr. Madkins filed a motion to amend his claim. The Claims Commission denied Mr. Madkins's motion. Thereafter, Mr. Madkins filed a motion for an en banc hearing. The Claims Commission granted Mr. Madkins's motion and affirmed the dismissal of Mr. Madkins's claim, as well as the denial of his motion to amend. Mr. Madkins appeals the decision of the Claims Commission. The issues, as we perceive them, are as follows:

I.      Whether the Claims Commission had subject matter jurisdiction over Mr. Madkins's claim.

II.     Whether Mr. Madkins's claim is barred by the statute of limitations.

III.    Whether Mr. Madkins's claim is barred by absolute immunity.

IV.     Whether Mr. Madkins submitted evidence of damages.

This appeal is governed by the Tennessee Rules of Appellate Procedure. Tenn. Code Ann. § 9-8-403(a)(1) (1999). Generally, our review is *de novo*, with a presumption of correctness afforded to the Claims Commission's findings of fact. Tenn. R. App. P. 13(d); ***Dobson v. State***, 23 S.W.3d 324, 328-29 (Tenn. Ct. App. 1999). Because this case is before us as the result of the State's motion to dismiss under 12.02, however, we take the factual allegations contained in the complaint as true and review the Claims Commission's legal conclusions *de novo*, with no presumption of correctness. ***White v. Revco Discount Drug Centers, Inc.***, 33 S.W.3d 713, 718 (Tenn. 2000); ***See***

*also Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (stating that determinations involving subject matter jurisdiction are questions of law, entitled to *de novo* review).

The first issue before this Court is whether the Claims Commission had subject matter jurisdiction over Mr. Madkins's claim. Only a constitutional or legislative act can grant subject matter jurisdiction to a court. *Northland Ins. Co.*, 33 S.W.3d at 729. Section 9-8-307(a) of the Tennessee Code provides for the jurisdiction of the Tennessee Claims Commission. Mr. Madkins contends that section 9-8-307(a)(1)(N) of the Tennessee Code gives the Claims Commission jurisdiction over his claim. Section 9-8-307(a)(1)(N) states that the Claims Commission has jurisdiction to decide monetary claims against the state for the:

> Negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the civil service commission has jurisdiction. The claimant must prove under this subdivision that the general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions.

Tenn. Code Ann. § 9-8-307(a)(1)(N) (Supp. 2001). Therefore, the above statute conferring jurisdiction on the Claims Commission specifies that Mr. Madkins must show that the statute allegedly violated by the State *expressly* grants individuals a private right of action to enforce those rights. For every statutory right allegedly violated by the State, Mr. Madkins must reference explicit statutory language that would grant him the private right of action to enforce the statute.

Mr. Madkins contends that the State negligently deprived him of rights under the following statutes: section 8-6-109 of the Tennessee Code, sections 39-11-101 and 102 of the Tennessee Code, section 39-13-302 of the Tennessee Code, and section 17-5-302 of the Tennessee Code. Mr. Madkins failed to cite any language in these statutes which would confer a private right of action in his favor against the State. Additionally, we are unable to find express language in these statutes which would confer a private right of action in favor of Mr. Madkins against the State. Accordingly, we hold that the Tennessee Claims Commission lacked the subject matter jurisdiction to hear Mr. Madkins's claims and that dismissal under Rule 12.02(1) of the Tennessee Rules of Civil Procedure was proper in this case.

The second issue concerns whether Mr. Madkins's claims were barred by the applicable statute of limitations. The actions giving rise to Mr. Madkins's claims occurred in 1994, 1997, and 1999. Mr. Madkins filed his action with the Division of Claims Administration on March 28, 2001. Section 9-8-402(a) of the Tennessee Code provides that "[t]he claimant must give written notice of the claimant's claim to the division of claims administration as a condition precedent to recovery. . . ." Tenn. Code Ann. § 9-8-402(a) (1999). Additionally, section 9-8-402(b) of the Tennessee Code states that "[t]he claim is barred unless the notice is given within the time provided by statutes of limitations applicable by the courts for similar occurrences from which the claim arises." Tenn. Code Ann. § 9-8-402(b) (1999).

Mr. Madkins's claim is a personal tort action that must be brought within one year "after the cause of action accrued."  Tenn. Code. Ann. § 28-3-104 (2000).  A cause of action accrues when the tort is complete, and the injury to the person has occurred. ***Hunter v. Brown***, 955 S.W.2d 49, 51 (Tenn. 1997).  In some instances, however, "the accrual of the cause of action is deferred until the injury is discovered or in the exercise of reasonable care and diligence, the injury should have been discovered." ***Id.***

Assuming there was an injury to Mr. Madkins, the latest possible date the injury could have occurred was on March 22, 1999, the date the supreme court reversed Mr. Madkins's conviction for attempted felony murder.  As Mr. Madkins provided the Division of Claims Administration notice of his claim on March 28, 2001, the claim is barred by the applicable statute of limitations.  Mr. Madkins argues, in essence, that the application of the discovery rule should prevent his claim from being barred.  Mr. Madkins states that his cause of action against the State did not accrue until he discovered that section 9-8-307(a)(1)(N) of the Tennessee Code existed and provided a remedy for the negligent deprivation of statutory rights.  Because he only learned of the possible remedy on March 13, 2001, Mr. Madkins maintains that his claim is timely.

We cannot agree with Mr. Madkins's argument.  The discovery rule only applies to factual matters that may be unknown to the prospective plaintiff. ***Spar Gas, Inc. v. McCune***, 908 S.W.2d 400, 404 (Tenn. Ct. App. 1995).  The rule does not apply to a plaintiff's failure to discover that the law provides recourse for his or her injuries.  As this Court has previously stated, "[m]ere ignorance or failure of a plaintiff to discover his cause of action or subsequent resulting damages will not prevent the statute from running." ***Gifford v. City of Gatlinburg***, 900 S.W.2d 293, 295 (Tenn. Ct. App. 1995), ***overruled on other grounds by Limbaugh v. Coffee Med. Ctr.***, 59 S.W.3d 73 (Tenn. 2001).  Accordingly, the statute of limitations bars Mr. Madkins's claim, and we affirm the Claims Commission's decision to dismiss the claim pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure.

The remaining issues are pretermitted.  Accordingly, we affirm the decision of the Claims Commission.  Costs of this appeal are taxed to the appellant, Mr. Richard Madkins, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE