IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2005

## STATE OF TENNESSEE v. ANTONIO SAULSBERRY

**Appeal from the Criminal Court for Shelby County**
**No. 95-07823 & 95-07824    Joseph B. Dailey, Judge**

---

**No. W2005-00316-CCA-R9-CD  - Filed September 11, 2006**

---

A Shelby County jury convicted the defendant of first degree premeditated murder, especially aggravated robbery and conspiracy to commit aggravated robbery.  This Court reversed the defendant's conviction for first degree premeditated murder on direct appeal and remanded for a retrial on the defendant's two charges of felony murder.  Prior to his retrial, the defendant filed a motion stating that his prosecution for the felony murder charges is a violation of the principles of double jeopardy.  The trial court denied the defendant's motion.  The defendant now brings an interlocutory appeal to determine whether the principles of double jeopardy bar a trial on the two felony murder charges.  We find that a retrial on the felony murder charges would not constitute double jeopardy and affirm the decision of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Trial Court Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Charles E. Gilchrist, Jr., Memphis, Tennessee, for the appellant, Antonio Saulsberry

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Bobby Carter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

We repeat the underlying facts as recited by this Court on the defendant's direct appeal:

The record in this case reveals a cast of five criminal actors: Claude Sharkey, Clashaun ("Shaun") Sharkey, Kevin Wilson, Defendant Franklin Howard, and

Defendant Antonio Saulsberry. Defendant Saulsberry was employed at the restaurant prior to January 28, 1995, the date of this incident. According to the proof at trial, Claude, Shaun, Wilson, and Saulsberry discussed robbing T.G.I. Friday's restaurant ("Friday's") the day before the crime. In the early morning hours of January 28, 1995, after the restaurant closed business for the prior night, Claude, Shaun, Wilson, and Howard drove to Friday's and waited in the back parking lot.

Friday's dishwasher John Wong exited the restaurant through its back door to dispose of the night's garbage, and the perpetrators used this opportunity to enter the building. Wong heard one man say, "Shoot the mother . . .," referring to Wong. He was pushed from behind with a gun and ordered to lie down on the ground, and he complied.

Claude, Shaun, Wilson, and Howard continued through the back area of the restaurant toward the manager's office, where they encountered bartender Preston Shea. Shea saw four armed men with ski masks walking toward him and screaming. He was knocked to the ground by one perpetrator outside the manager's office. At least two men entered the office and screamed, "Give me the money," and "Where's the f__king money." Shea responded by holding up his wallet and pleading, "Please, God, take the money and go." He heard bags of money being passed from person to person above his head and heard one man say, "Shoot his ass." Shea then heard a shot from the manager's office, where the perpetrators had already taken the money from the victim, Gene Frieling.

Wong, remaining on the floor during the disturbance, also heard one of the perpetrators demand, "Give me the money--give me the money," and he heard Frieling say, "Take it, take it, take it." Wong heard "[o]ne explosion then two--the two that I heard, it was like two in one--the swiftness of it that followed behind--one behind the other." Then Frieling said, "Jesus Christ, he shot me, he shot me."

Shea had been repeatedly kicked during this episode, and as the men left the office, he was shot three times--twice in the leg and once in his lower back, through his bladder and intestines. He then crawled into the office and called 911, but he was too injured to stay with the telephone. As he fell back to the floor, Wong took the telephone and finished the 911 call.

Jessica Hoard, a server at Friday's, also testified for the State. Hoard was the only other employee still present on the morning of January 28, and she was in the dining room of the restaurant when the perpetrators arrived. One of the men ordered her to walk into the kitchen and commanded, "Get on the floor before I shoot you." She heard one person say, "Where's the money," a couple of times, and she then heard at least two gunshots. When she believed the perpetrators were gone and she could safely stand up, Hoard helped John Wong attend to the wounded Frieling and

Shea. Because Frieling was only barely breathing, the two uninjured employees decided to lift him from a prone position to an upright position. Frieling remained in this sitting, slumped posture until he was found by police and determined dead. An autopsy revealed that the cause of death was a gunshot wound to the heart.

State v. Antonio L. Saulsberry, No. 02C01-9710-CR-00406, 1998 WL 892281, at *2-3 (Tenn. Crim. App., at Jackson, Dec. 21, 1998), Rev'd by State v. Howard, 30 s.W.3d 271 (Tenn. 2000).

The Shelby County Grand Jury indicted the defendant and his co-defendant, Franklin Howard, in July of 1995 on premeditated murder, murder committed in the perpetration of a robbery, murder committed in the perpetration of a burglary, especially aggravated robbery, and conspiracy to commit a felony. At the conclusion of a jury trial, they were convicted of first degree premeditated murder, especially aggravated robbery and conspiracy to commit aggravated robbery. The jury sentenced the defendants to life imprisonment for the premeditated murder convictions and the trial court sentenced the defendant as a Range II offender to forty years for especially aggravated robbery and ten years for conspiracy. The trial court sentenced Howard as a Range I offender to twenty-five years for especially aggravated robbery and six years for conspiracy. In both cases the trial court ordered that all sentences, including the life imprisonment, be served consecutively.

Both the defendant and Howard then appealed their convictions and sentences to this Court. A panel reversed the defendant's conviction for premeditated murder stating, "Defendant Saulsberry's conviction for first degree murder is not supported by sufficient evidence, and such conviction is therefore reversed and his case is remanded for a new trial on the charge of felony murder as alleged in Counts 2 and 3 of the indictment." Antonio L. Saulsberry, 1998 WL 892281 at *18. The panel affirmed the especially aggravated robbery and conspiracy convictions for both defendants, as well as, Howard's murder conviction. Id.

The defendant did not appeal this Court's decision to the Tennessee Supreme Court. Instead, he filed a post-conviction petition attacking his robbery and conspiracy convictions. Antonio L. Saulsberry v. State, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App., at Jackson, Feb. 6, 2004), perm. app. denied, (Tenn. June 1, 2004). The defendant argued that his counsel at trial was ineffective and he had been denied second-tier review. Id. The post-conviction court denied the defendant's petition, and he appealed to this Court. Id. We dismissed the defendant's appeal because his petition was filed outside the one year statute of limitations. Id. at *4.

In the meantime, Howard appealed this Court's affirmance of his convictions to our supreme court. On appeal, our supreme court reversed Howard's conviction of first degree premeditated murder because the jury had not been instructed on "the natural and probable consequences rule." State v. Howard, 30 S.W.3d 271, 277-78 (Tenn. 2000). Upon remand, Howard was convicted of first degree premeditated murder and two modes of felony murder. State v. Franklin Howard, No. W2002-01680-CCA-R3-CD, 2004 WL 2715346, at *4 (Tenn. Crim. App., at Jackson, Nov. 18,

2004), perm. app. denied, (Tenn. Mar. 21, 2005) (not for citation). The trial court merged all the murder verdicts into one and sentenced Howard to life in prison. Id. Howard then appealed his convictions from his trial on remand. On appeal, this Court vacated the felony murder convictions on the basis of double jeopardy. Id. at *11-12. We then affirmed Howard's conviction for premeditated murder and his consecutive sentences. Id. at *16.

Following this Court's decision on Howard's appeal from remand, on December 17, 2004, the defendant filed a Motion to Dismiss Prosecution Based on Double Jeopardy. The trial court conducted a hearing on January 10, 2005 and denied the motion. On January 21, 2005, the defendant filed a Motion for a Rule 9 Interlocutory Appeal. The trial court granted the motion, and this Court did as well and this is the case that is now on appeal.

## ANALYSIS

The defendant argues on appeal that a retrial of the defendant on felony murder charges would violate the state and federal double jeopardy provisions. The Double Jeopardy Clause[s] of both the United States and Tennessee Constitutions state[ ] that no person shall be twice put in jeopardy of life or limb for the same offense. U.S. Const. amend. 5; Tenn. Const. art. I, § 10. The clause has been interpreted to include the following protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969); State v. Phillips, 924 S.W.2d 662, 664 (Tenn. 1996).

The defendant bases his argument on this Court's decision in State v. Franklin Howard, No. W2002-01680-CCA-R3-CD, 2004 WL 2715346 (Tenn. Crim. App., at Jackson, Nov. 18, 2004), perm. app. denied, (Tenn. March 21, 2005) (not for citation). In Franklin Howard, we addressed Howard's direct appeal from his trial upon remand. Upon remand, Howard was convicted of first degree premeditated murder and felony murder. Franklin Howard, 2004 WL 2715346, at *1. At his trial upon remand, Howard was tried for first-degree premeditated murder, felony murder committed in the perpetration of a robbery and felony murder in the perpetration of a burglary. Id. at *11. Howard was convicted for all three. Id. On this direct appeal from these convictions, one of his issues was whether the second trial should have been barred due to double jeopardy concerns. Id. at *1. We stated that jeopardy attached for the felony murder charges in the first trial and, therefore, Howard's subsequent convictions for the two felony murder charges must be vacated because of a double jeopardy problem. Id. at *12.

The defendant argues that because he and Howard were originally tried together by the same jury and subject to the same jury instructions, the same analysis should apply to his trial upon remand. He argues that jeopardy also attached with regard to the two felony murder charges in his original trial. However, the Tennessee Supreme Court has designated Franklin Howard, as "Not for Citation." Rule 4(F)(1) of the Rules of the Supreme Court of Tennessee states, "If an application for permission to appeal is hereafter denied by this Court with a "Not for Citation" designation, the

opinion of the intermediate appellate court has no precedential value." Therefore, we are unable to rely upon this Court's analysis with regard to the double jeopardy questions raised in Franklin Howard, even though the defendant was tried in the same original trial.

In the defendant's direct appeal, this Court included language in a footnote regarding whether he could be tried on the felony murder charges. The panel stated:

> Nor, however, can we agree that Saulsberry cannot be retried for felony murder, although this issue is not before us. The jury was strictly instructed to cease deliberations upon finding Defendants guilty of premeditated murder. When the jury found them guilty of premeditated murder, it did not render any further verdicts on homicide charges. This does not equate to an acquittal. State v. Burns, [979] S.W.2d [276] Appendix (Tenn. 1998).

Antonio L. Saulsberry, 1998 WL 892281, at *4 n.4. In Howard's direct appeal to our supreme court this issue of sequential jury instructions leading to potential double jeopardy issues was addressed in a footnote. Our supreme court stated:

> While it was not error for the trial court to deliver sequential jury instructions, see Harris v. State, 947 S.W.2d 156, 175 (Tenn. Crim. App. 1996), we have previously urged trial courts to allow juries to consider all theories of first-degree murder. See State v. Cribbs, 967 S.W.2d 773, 787-88 (Tenn. 1998[)]; Carter v. State, 958 S.W.2d 620, 624-25 n.6 (Tenn. 1997). We are compelled to emphasize this point again: a trial court should instruct a jury to render a verdict as to each count of a multiple count indictment which requires specific jury findings on different theories of first-degree murder. If the jury does return a verdict of guilt on more than one theory of first-degree murder, the court may merge the offenses and impose a single judgment of conviction. See State v. Addison, 973 S.W.2d 260, 267 (Tenn. Crim. App. 1997). The benefits of instructing the jury in this manner are important. First, the double jeopardy problem of retrying a defendant after a subsequent appellate opinion reverses a conviction as unsupported by evidence is precluded. Second, the State will have a basis to protect other convictions to which it may be entitled. Third, in light of our decision in State v. Middlebrooks, 840 S.W.2d 317 (1992), a jury verdict on each charged offense will allow the State to use the felony murder aggravator as an aggravating circumstance in sentencing. See State v. Hall, 958 S.W.2d 679, 692-93 (Tenn. 1997).

Howard, 30 S.W.3d at 274-75 n.4. This language in part led to this Court's analysis of Howard's felony murder conviction upon remand in Franklin Howard. This Court was attempting to solve the double jeopardy "problem." Franklin Howard, 2004 WL 2715346. at *12.

Despite the reference to the potential double jeopardy problem in this situation, our supreme court, as well as this Court, has allowed defendants to be retried on charges that were not reached by the jury when sequential instructions on the charges were given. State v. Madkins, 989 S.W.2d 697, 699 (Tenn. 1999); State v. Burns, 979 S.W.2d 276, 291 (Tenn. 1998) (attaching this Court's direct appeal opinion as an appendix); State v. John E. Parnell, No. W1999-00562-CCA-R3-CD, 2001 WL 124526, at *6 (Tenn. Crim. App. at Jackson, Feb. 6, 2001); State v. David William Smith, No. 03C01-9809-CR-00344, 2000 WL 210378, at *6 (Tenn. Crim. App. at Knoxville, Feb. 24, 2000).

In the defendant's original trial, the trial court instructed the jury to begin their consideration with first degree premeditated murder. If the jury did not find the defendant guilty of premeditated murder, they were then to move on to the felony murder charges. At the original trial, the jury found the defendant of first degree premeditated murder. Therefore, the presumption is that the jury never considered whether the defendant was guilty of either of the felony murder charges. As stated above, there are no double jeopardy concerns where the jury instructions are given sequentially and there is a presumption that the jury followed the instructions given by the trial court. See Madkins, 989 S.W.2d at 699; Burns, 979 S.W.2d at 291; John E. Parnell, 2001 WL 124526, at *6; David William Smith, 2000 WL 210378, at *6. Therefore, we conclude that there would be no double jeopardy concerns with a retrial of the defendant on the felony murder charges. For this reason, this issue is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE