# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
August 8, 2006 Session

## RICHARD MADKINS v. STATE OF TENNESSEE and RICKY BELL, Warden

**Appeal from the Criminal Court for Davidson County**
**No. 3210     Mark J. Fishburn, Judge**

---

**No. M2005-02873-CCA-R3-HC - Filed February 26, 2007**

---

The petitioner, Richard Madkins, filed a February 2005 Davidson County Criminal Court petition for habeas corpus relief from his 1994 jury-tried conviction of especially aggravated robbery, for which he was originally sentenced to a term of 60 years and re-sentenced in 2003 to a term of 25 years.  Before the habeas corpus court, the petitioner argued that he was illegally re-sentenced because the 1994 jury verdict and conviction were void and because, instead of re-sentencing, he should have been immediately released from custody.  Following a hearing, the habeas corpus court dismissed the petition, and we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Dominic Joseph Leonardo, Nashville, Tennessee, for the Appellant, Richard Madkins.

Robert E. Cooper, Jr., Attorney General & Reporter; and Elizabeth B. Marney, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

In this appeal, the court is presented with a hodgepodge of complaints by the habeas corpus petitioner.  The gist of the matter is the petitioner's contention that granting a writ of habeas corpus based on an illegal sentence (1) negates the underlying jury verdict and judgment of conviction and (2) requires the petitioner's immediate release from custody.  As we shall explain, the habeas corpus court correctly rejected these arguments.

From the somewhat confusing record before us, we discern that the petitioner garnered a series of convictions in 1984 based on his committing assaults and robberies with deadly weapons.  In case number 84-04503, a jury convicted the petitioner of the July 27, 1984 offenses of

assault with intent to commit robbery with a deadly weapon and aggravated assault. During the time those charges were pending trial, the petitioner was released on bond, whereupon he promptly committed robbery with a deadly weapon on August 3, 1984, case number 84-04938, and multiple robberies with a deadly weapon on October 14, 1984, case numbers 84-00678, 84-00679, 84-00680, and 84-00681; to these offenses the petitioner pleaded guilty. The petitioner received concurrent sentencing for all of the jury and guilty-pleaded convictions.

Subsequently, the petitioner was convicted by jury trial of especially aggravated robbery and attempted felony murder on November 9, 1994. Based on his previous convictions, the court classified the petitioner as a career offender and sentenced him to a term of 60 years. *See State v. Madkins*, 989 S.W.2d 697 (Tenn. 1999) (affirming 60-year sentence but dismissing attempted felony murder conviction).

From various court orders in the record before us, it appears that on January 4, 2002, the petitioner filed a petition and pursued a writ of habeas corpus attacking his illegal concurrent sentencing in 1984. It appearing to the Davidson County Criminal Court that the concurrent sentencing violated Code section 40-20-111(b),[1] the court granted habeas corpus relief on April 24, 2002, and ordered that the concurrent sentences in the guilty-pleaded cases were void. The court did not disturb the sentence for the first offenses committed in July 1984, inasmuch as the petitioner was not on bail at the time of those offenses. The habeas corpus court then transferred the matter to the original trial court in Shelby County for appropriate action.

The record reflects that in November 2003, the Shelby County Criminal Court entered an order declaring that "*the concurrent sentences*" given in the guilty-pleaded cases "are void[] and are ordered dismissed with prejudice." (Emphasis added). The court ruled that the conviction and sentence in case number 84-04503 would "stand and remain valid and unalterable."

The record does not show whether the petitioner was re-sentenced in the guilty-pleaded cases.[2] Based, however, on the relief granted by the Davidson County Criminal Court, the

---

[1] That section provides,

> In any case in which a defendant commits a felony while such defendant was released on bail . . . , and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

T.C.A. § 40-20-111(b) (2006).

[2] The petitioner fails to mention that evidently the Shelby County Criminal Court did not merely void the sentences but actually dismissed the indictments. The state appealed that dismissal, and this court held that dismissal of the indictments was an improper remedy, whereupon we reversed and remanded for further proceedings consistent
(continued...)

petitioner filed on May 14, 2002, a petition for post-conviction relief [3] challenging his 60-year sentence imposed in 1994, and for grounds he alleged that the 1984 convictions used to enhance his 1994 career offender sentence had been found illegal. On September 19, 2002, the trial court, Division 5 of the Criminal Court of Shelby County, granted the petition in part as to the 60-year sentence but otherwise left the judgment of conviction intact.[4] The court transferred the case to Division 6 of the Criminal Court of Shelby County for further action.

For reasons that do not appear in *this* record, in February 2003, Division 5 entered another order reciting that it had treated the May 2002 petition for post-conviction relief, which was filed outside the one-year statute of limitations, as a writ of habeas corpus.[5] The order further recited that habeas corpus relief had been granted and that the case was transferred to Division 6 for re-sentencing. On November 4, 2003, the trial court re-sentenced the petitioner to a term of 25 years for his 1994 especially aggravated robbery conviction.[6]

Not content with the results outlined above, the petitioner on February 25, 2005, filed another petition for writ of habeas corpus and demanded to be "immediately released" from custody. The instant appeal arises from that filing. In his 2005 habeas corpus filing, the petitioner claimed that the 14-month period of time between the September 2002 order regarding his 60-year sentence and the actual re-sentencing on November 4, 2003, stripped the court of jurisdiction to sentence him, thereby rendering the 25-year sentence void. He also claimed that he should have been released from custody "upon the success on his Writ of Habeas Corpus entered on September 19, 2002." By amendment to his petition, the petitioner raised other grounds, although we are unable to determine whether the amendment replaced the earlier grounds or supplemented them. He claimed that a court lacks jurisdiction to re-sentence a defendant who was granted habeas corpus relief, until the

---

[2](...continued)
with the procedures set forth in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), *overruled in part by Summers v. State*, No. M2004-02806-SC-R11-HC, ___ S.W.3d ___ (Tenn., Jan. 23, 2007). *See State v. Richard Madkins*, No. W2003-02938-CCA-R3-CD (Tenn. Crim. App., Jackson, Jan. 5, 2005).

[3] That petition is not included in the record before us.

[4] In view of the state's successful appeal reversing the dismissal of the 1984 indictments, it may well be that the petitioner was never entitled to be re-sentenced for the 1994 conviction.

[5] *See Richard Madkins v. State*, No. W2003-02937-CCA-R3-PC, slip op. at 2 (Tenn. Crim. App., Jackson, Oct. 8, 2004) (explaining that on December 12, 2002, the petitioner filed an amendment to the post-conviction petition objecting to the remand for re-sentencing and a second amendment on January 24, 2003, alleging ineffective assistance of trial counsel; court dismissed the amendments as time barred and noted jurisdiction had been transferred for re-sentencing; the petitioner filed a motion to alter or amend and demanded immediate release from confinement).

[6] The petitioner also fails to mention that he pursued a direct appeal following re-sentencing. *See Richard Madkins v. State*, No. W2003-02937-CCA-R3-PC (Tenn. Crim. App., Jackson, Oct. 8, 2004). In that appeal, he argued the re-sentencing court failed to act within 120 days, *see* Tenn. R. Crim. P. 35(b), of the September 19, 2002 order, thereby depriving the court of jurisdiction to re-sentence him. This court rejected his argument, holding that nothing in Rule 35(b) required a trial court to act within 120 days after a case is remanded for re-sentencing. *See id.*, slip op. at 3.

defendant is retried or pleads guilty. He further argued that his 25-year sentence was improperly enhanced.[7]

On November 22, 2005, the habeas corpus court entered an order dismissing the petition. The court ruled that the grant of habeas corpus relief for the petitioner's 1994 sentence did not void his conviction. The court rejected the argument that Code section 40-35-209(a) required the petitioner's re-sentencing within 45 days, T.C.A. § 40-35-209(a) (2006),[8] and it found that the complaint about the length of the new sentence did not present a threshold claim to warrant review.

"[T]he writ of habeas corpus will issue in Tennessee 'only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.'" *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the re-sentencing court apparently had jurisdiction over the actus reus, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issue is limited to the claim that the court was without authority to enter the judgment. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

On appeal, the petitioner presses his claim that he was not re-sentenced within 45 days and relies on Code section 40-35-209(a). *See* T.C.A. § 40-35-209(a) (2006). He cites no authority that Code section 40-35-209(a) is jurisdictional or that it applies in the context of a re-sentencing following a successful habeas corpus attack. He is entitled to no relief on this basis.

Likewise, the petitioner is entitled to no relief on his claim that the only relief under the habeas corpus scheme is that of immediate release from continued confinement. A duly empaneled jury found the petitioner guilty in 1994 of especially aggravated robbery. That jury

---

[7] He does not pursue this issue on appeal; therefore, we decline to address it.

[8] That Code section provides in relevant part: "Before imposing sentence or making other disposition upon acceptance of a plea of guilty or upon a verdict or finding of guilty, the court shall conduct a sentencing hearing without unreasonable delay, but in no event more than forty-five (45) days after the finding of guilty. . . ." T.C.A. § 40-35-209(a) (2006).

verdict was not disturbed when the petitioner successfully challenged his 60-year sentence for that conviction. *See McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), *overruled in part by Summers v. State*, No. M2004-02806-SC-R11-HC, ___ S.W.3d ___ (Tenn., Jan. 23, 2007).

We note that in his brief, the petitioner advances a new complaint regarding the treatment of his earlier post-conviction petition as a writ of habeas corpus. We are at a loss, as is the State, to fathom the nature or relevance of that complaint as it relates to the present appeal, and the petitioner is entitled to no relief on that matter.

In closing, it strikes us that for the past five years, the petitioner has availed himself of every conceivable legal avenue to avoid serving the balance of his sentence for the 1994 especially aggravated robbery conviction.[9] His arguments have been considered and reconsidered more than once, and considerable judicial resources have been expended. The petitioner's personal beliefs notwithstanding, the law *does not* entitle him to immediate release or further habeas corpus relief.

Accordingly, the order of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

_____

[9] Indeed, in connection with his 1994 conviction, the petitioner even sought monetary compensation by suing the State of Tennessee in the Division of Claims Administration, wherein he alleged that the state District Attorney General and Assistant District Attorneys negligently and willfully pursued a wrongful conviction and falsely imprisoned him, that the state Criminal Court Judge negligently and willfully charged the jury with a non-existent criminal offense, and that the Tennessee Attorney General and Assistant Attorneys General negligently and willfully defended the criminal offense of attempted felony murder. *See Richard Madkins v. State*, No. W2001-03002-COA-R3-CV (Tenn. Ct. App., Nashville, May 29, 2002). That claim was dismissed.