IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


RICHARD MADKINS v. STATE OF TENNESSEE

Direct Appeal from the Criminal Court for Shelby County
No. 94-00771; P-26449    Joseph B. Dailey, Judge

———————————

No. W2003-02937-CCA-R3-PC  -  Filed October 8, 2004

———————————


The Appellant, Richard Madkins, appeals the trial court's imposition of a twenty-five-year
sentence for the offense of especially aggravated kidnapping after remand by the post-conviction
court.  The State has filed a motion requesting that this Court affirm the trial court's denial of
relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  We grant the State's motion
and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of
the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND
ALAN E. GLENN, JJ.  joined.

Richard Madkins, pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General,
for the appellee, the State of Tennessee.



**MEMORANDUM OPINION**


        Appellant was convicted by a Shelby County jury of especially aggravated robbery and
attempted felony murder.  *See State v. Madkins*, 989 S.W.2d 697 (Tenn. 1999).  For these
convictions, he received consecutive sentences of sixty years, as a range III offender, on each
count.  *Id.*  On direct appeal, the Appellant's conviction for attempted felony murder was

1

reversed and dismissed under *State v. Kimbrough*, 924 S.W.2d 888 (Tenn. 1996). *See Madkins*, 989 S.W.2d at 698. The matter was remanded to the trial court for further proceedings, *i.e.*, a trial on the charge of attempted second degree murder. *Madkins*, 989 S.W.2d at 699.

On January 4, 2002, Appellant filed a petition for writ of habeas corpus in the Davidson County Criminal Court, challenging the legality of 1985 convictions used to enhance his 1994 Shelby County conviction for especially aggravated robbery. By order entered April 24, 2002, the Davidson County Criminal Court granted habeas corpus relief by finding the sentences in case numbers 84-04503, 84-04938, 84-00678, 85-00679, 85-00680, and 85-00681 void and remanding the matter to the Criminal Court for Shelby County for further appropriate action.

On May 14, 2002, the Appellant filed, pro se, a petition for post-conviction relief challenging his conviction for especially aggravated robbery. As grounds for relief, Appellant alleged that the prior convictions used to enhance this sentence had been found to be illegal by the Davidson County Criminal Court. *See* Tenn. Code Ann. § 40-30-102(b)(3). The State responded to the petition, conceding that post-conviction relief should be granted with respect to the sentence received in case 94-00771, especially aggravated robbery. On September 19, 2002, the Shelby County Criminal Court granted post-conviction relief in case 94-00771 as to the sentence only. The matter was remanded to the trial court for appropriate action.

On December 12, 2002, Appellant filed a pleading captioned "Amendment to Original Petition for Post-Conviction Relief." In this document, Appellant expressed his objection to the post-conviction court's order of September 19, 2002, remanding the matter in 94-00771 for resentencing. A second "amendment" was filed on January 24, 2003, alleging that trial counsel was ineffective. The State responded that these "amendments" should be dismissed as time-barred and the fact that one petition had already been filed and granted. On February 21, 2003, the post-conviction court dismissed the amendments, finding that the trial court no longer had jurisdiction over any amendments as relief was granted on September 19, 2002, and that any additional claims were barred by the statute of limitations. Appellant responded by filing a "motion to alter or amend a judgment" on March 24, 2003. In this pleading, Appellant demanded immediate release from confinement.

On November 4, 2003, the Shelby County Criminal Court, acting under authority of the September 19, 2002, order granting post-conviction relief, sentenced the Appellant to twenty-five years in the Department of Correction in case number 94-00771, Appellant's conviction for especially aggravated robbery. Appellant filed a timely notice of appeal from the trial court's November 4, 2003, judgment.

In his brief, the Appellant contends that the trial court failed to comply with Rule 35(b), Tennessee Rules of Criminal Procedure. Specifically, the Appellant contends that, since the trial court failed to act within 120 days of the post-conviction court's September 19, 2002, order, the trial court was without jurisdiction to resentence the Appellant. The State responds that the time

2

frame imposed by Rule 35, Tennessee Rules of Criminal Procedure, is limited to the time in which a defendant may petition the court to reduce the sentence imposed.

Initially, we note, as observed by the State, the Appellant does not challenge any other aspect of his twenty-five-year sentence nor has he included a transcript of the sentencing hearing of November 4, 2003. In this regard, he has waived all other challenges to the twenty-five-year sentence imposed by the trial court. *See* Tenn. R. App. P. 24(a), (b). Moreover, we find the State's position as to the inapplicability of Rule 35 is well-taken. Rule 35, Tennessee Rules of Criminal Procedure, enables the trial court to maintain jurisdiction over a matter to permit modification of a sentence if such application for modification is filed within 120 days after the sentence is imposed. Nothing in this rule requires a trial court to act within 120 days after a case is remanded for resentencing nor do we construe the Rule as requiring the same.

The Appellant has failed to establish that he is entitled to relief. Nor has he established that the trial court acted illegally in not resentencing him within 120 days of the September 17, 2003, order. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE