IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville August 16, 2016

**RICHARD EARL MADKINS, JR. v. STATE OF TENNESSEE and GRADY PERRY, WARDEN**

**Appeal from the Circuit Court for Hardeman County**
No. 15-CR-165      Joseph Walker, Judge

**No. W2015-02238-CCA-R3-HC  -  Filed October 28, 2016**

The Petitioner, Richard Earl Madkins, Jr., filed a petition in the Hardeman County Circuit Court seeking habeas corpus relief from his especially aggravated robbery conviction and resulting twenty-five-year sentence, alleging that his sentence had expired and that he was being imprisoned for a conviction that was overturned by our supreme court. The habeas corpus court denied relief without a hearing, and the Petitioner appeals. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Richard Earl Madkins, Jr., Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

This case has a convoluted history that was set out in a previous opinion filed by this court as follows:

On May 23, 1985, in case number 84-04503, the petitioner was convicted of assault with intent to commit robbery by use of a deadly weapon and was sentenced to eighteen years in the Department of Correction. He was released on supervised parole on January 10, 1991 and, while on such, committed offenses which resulted in especially aggravated robbery and attempted felony murder convictions on October 5, 1994. He was sentenced to consecutive terms of sixty years for each offense. On appeal to the Tennessee Supreme Court, the court affirmed the petitioner's conviction for especially aggravated robbery but reversed his conviction for attempted felony murder, holding that the offense of attempted felony murder did not exist in Tennessee. See State v. Madkins, 989 S.W.2d 697, 699 (Tenn. 1999). The matter was remanded for trial on the charge of attempted second degree murder, if the State so elected to proceed. See Richard Madkins v. State, No. W2003-02937-CCA-R3-PC, 2004 WL 2290498, at * 1 (Tenn. Crim. App. Oct. 8, 2004).

On January 4, 2002, the petitioner filed a petition for writ of habeas corpus in the Davidson County Criminal Court challenging the legality of some of his 1984 and 1985 convictions that were used to enhance his 1994 especially aggravated robbery sentence. On April 24, 2002, the Davidson County Criminal Court granted habeas relief, finding the sentences in case numbers 84-04938, 84-04939, 85-00678, 85-00679, 85-00680, and 85-00681 were void and remanding the case to the Shelby County Criminal Court for further action. On May 14, 2002, the petitioner filed a petition for post-conviction relief, challenging his 1994 sentence for especially aggravated robbery in light of the Davidson County Criminal Court's having found that six of the prior convictions used to enhance that sentence were void. The State agreed, and, on September 17 or 19, 2002, the Shelby County Criminal Court granted post-conviction relief as to the petitioner's sentence only, and the matter was remanded to the trial court for resentencing.

On December 12, 2002, the petitioner filed an "amendment" to his original [post-conviction] petition, objecting to the September 17 or 19 order for resentencing

because the "punishment [was] not known to or contemplated by convicting jurors [and would] constitut[e] prejudice to [the] judicial process [.]"  He filed a second "amendment" on January 24, 2003, alleging he received the ineffective assistance of counsel.  On February 21, 2003, the post-conviction court dismissed the amendments, finding that the trial court no longer had jurisdiction over any amendments as relief had been granted on September 19, 2002, and that any additional claims were barred by the statute of limitations.

On November 4, 2003, the trial court resentenced the petitioner to twenty-five years on the especially aggravated robbery conviction, acting under the authority of the September 17 or 19 grant of post-conviction relief.  He was given pretrial jail credit from September 27, 1993.  The petitioner appealed the resentencing judgment, and this court held that the petitioner failed to establish that he was entitled to relief.

On February 25, 2005, the petitioner filed another petition for writ of habeas corpus and demanded release from custody.  In that petition, he claimed that the fourteen-month period between the September 2002 order regarding his sixty-year sentence and the actual resentencing on November 4, 2003, stripped the court of jurisdiction to sentence him, rendering the twenty-five-year sentence void.  On appeal from the habeas court's dismissal of his petition, this court concluded that "[t]he petitioner's personal beliefs notwithstanding, the law does not entitle him to immediate release or further habeas corpus relief."  Richard Madkins v. State of Tennessee and Ricky Bell, Warden, No. M2005-02873-CCA-R3-HC, 2007 WL 595711, *3 (Tenn. Crim. App. Feb. 26, 2007), perm. to appeal denied (Tenn. June 18, 2007).

Evidently, the petitioner was informed in late 2010 and early 2011 that he was serving an effective sentence of forty-three years:  eighteen years in the assault with intent to commit robbery by use of a deadly weapon case and twenty-five years in the especially aggravated robbery case, which were to be served consecutively.  He was informed that his sentences were set to expire on November 8, 2023.

The petitioner filed the instant petition for habeas corpus relief on February 17, 2011. The habeas court summarily dismissed the petition on February 18, 2011, finding that the petitioner failed to prove that his sentence had expired and that the trial court had authority and jurisdiction to sentence him to the sentence he received. The petitioner appealed.

. . . .

As we understand his argument in this appeal, the petitioner asserts that his eighteen-year sentence expired on June 8, 2000 and, because he was not resentenced until November 4, 2003, he should have been released from custody and his twenty-five-year sentence is void.

A panel of this court, on a previous habeas petition by the petitioner, already determined that the trial court had jurisdiction to resentence the petitioner to twenty-five years in the especially aggravated robbery case and that the sentence was not void. Madkins, 2004 WL 2290498, at *2. Candace Whisman of the Tennessee Department of Correction provided a detailed affidavit concerning the calculation and expiration of the petitioner's sentences, showing the expiration of the effective forty-three-year sentence being November 8, 2023. Even though the eighteen-year portion of the petitioner's sentence expired June 8, 2000, the sentence in the especially aggravated robbery case was to begin at the expiration of the previous case and be served consecutively to it. The petitioner has failed to establish either a void judgment or an illegal confinement by a preponderance of the evidence.

Richard Madkins v. Steward, No. W2011-00663-CCA-R3-HC, 2011 WL 6000262, at *1-3 (Tenn. Crim. App. at Jackson, Nov. 30, 2011).

On October 2, 2015, the Petitioner filed a fourth petition for habeas corpus relief, which is the subject of this appeal. In the petition, the Petitioner alleged that on September 24, 2014, he appeared before a "special reclass board" and was advised that his twenty-five-year sentence for especially aggravated robbery had expired with "good

- 4 -

time" credits and that he was to begin serving his sixty-year sentence for attempted felony murder. He alleged that when he told the board that our supreme court had reversed his sixty-year sentence, "the board members told him that they were doing their job and they [were] going to reclass him to start his time on the 60 years sentence." In support of his claim, the Petitioner attached two forms from the Tennessee Department of Correction (TDOC) to his petition. The first form was titled "OFFENDER CLASSIFICATION SUMMARY" and was dated September 24, 2014. On the form, someone wrote, "Exp: 2/23/58." The second form was titled "CLASSIFICATION CUSTODY ASSESSMENT FORM" and was dated September 1, 2014. On the form, someone wrote "Att 1st degree murder Shelby 1994" as the current offense for which Petitioner was in confinement. The Petitioner also attached a notarized "eTomis" printout stating that "RICHARD EARL MADKINS JR. IS CURRENTLY HELD IN CUSTODY AT HARDEMAN COUNTY CORRECTIONAL FACILITY SERVING A 60 YEARS SENTENCE FOR THE OFFENSE OF FELONY MURDER SET TO EXPIRE 11/21/2057" and Candace Whisman's affidavit from his 2011 habeas corpus case.

On October 13, 2015, the habeas corpus court dismissed the petition without a hearing, noting that the Petitioner previously was informed that his sentences were set to expire on November 8, 2023. The court concluded that the Petitioner's twenty-five-year sentence had not expired and dismissed the petition without a hearing.

## II. Analysis

On appeal, the Petitioner maintains that he is being unlawfully held in custody for the attempted felony murder conviction and resulting sixty-year sentence that were reversed by our supreme court. He argues that Candace Whisman fraudulently miscalculated the expiration date of his effective forty-three-year sentence, which he continues to claim is illegal, and that the eTomis report shows he is currently serving the sixty-year sentence for attempted felony murder. The State argues that the Petitioner has not established that he is serving the vacated sixty-year sentence. We agree with the State.

The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

As noted by this court in the Petitioner's 2011 habeas corpus case, Candace Whisman's detailed affidavit shows that his twenty-five-year sentence for especially aggravated robbery is set to expire in November 2023. Although TDOC forms and an eTomis printout suggest that he is serving his vacated sixty-year sentence and that the sentence will expire in 2058, nothing indicates that his twenty-five-year sentence has expired.[1] As noted by the State, "[a]n inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the [Uniform Administrative Procedures Act]." Stewart v. Schofield, 368 S.W.3d 457, 464 (Tenn. 2012). Moreover, "any disagreement between the information contained in the Petitioner's TOMIS report and the amended judgment must be resolved via the Uniform Administrative Procedures Act." Christopher Scott Chapman v. Steward, No. W2013-02361-CCA-R3-HC, 2014 WL 3744398, at *2 (Tenn. Crim. App. at Jackson, July 29, 2014). Thus, we conclude that the habeas corpus court properly dismissed the petition.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

_____
NORMA MCGEE OGLE, JUDGE

---

[1] We note that according to the TDOC website, the Petitioner's current sentence will end in October 2022, not 2058.