IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 7, 2011

**RICHARD MADKINS v. HENRY STEWARD, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6460      Joseph H. Walker, III, Judge**

**No. W2011-00663-CCA-R3-HC  - Filed November 30, 2011**

The petitioner, Richard Madkins, appeals the Lauderdale County Circuit Court's dismissal of his petition for writ of habeas corpus, arguing that he is being illegally restrained because his sentence is void and expired.  Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

Richard Madkins, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Meredith Devault, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The record in this case is lengthy and confusing.  We discern the background of this case from the petitioner's various pleadings and the prior opinions of this court and the Tennessee Supreme Court regarding the petitioner's other filings.  On May 23, 1985, in case number 84-04503, the petitioner was convicted of assault with intent to commit robbery by use of a deadly weapon and was sentenced to eighteen years in the Department of Correction.  He was released on supervised parole on January 10, 1991 and, while on such, committed offenses which resulted in especially aggravated robbery and attempted felony murder convictions on October 5, 1994.  He was sentenced to consecutive terms of sixty years for each offense.  On appeal to the Tennessee Supreme Court, the court affirmed the

petitioner's conviction for especially aggravated robbery but reversed his conviction for attempted felony murder, holding that the offense of attempted felony murder did not exist in Tennessee. See State v. Madkins, 989 S.W.2d 697, 699 (Tenn. 1999). The matter was remanded for trial on the charge of attempted second degree murder, if the State so elected to proceed. See Richard Madkins v. State, No. W2003-02937-CCA-R3-PC, 2004 WL 2290498, at *1 (Tenn. Crim. App. Oct. 8, 2004).

On January 4, 2002, the petitioner filed a petition for writ of habeas corpus in the Davidson County Criminal Court challenging the legality of some of his 1984 and 1985 convictions that were used to enhance his 1994 especially aggravated robbery sentence. On April 24, 2002, the Davidson County Criminal Court granted habeas relief, finding the sentences in case numbers 84-04938, 84-04939, 85-00678, 85-00679, 85-00680, and 85-00681 were void and remanding the case to the Shelby County Criminal Court for further action. On May 14, 2002, the petitioner filed a petition for post-conviction relief, challenging his 1994 sentence for especially aggravated robbery in light of the Davidson County Criminal Court's having found that six of the prior convictions used to enhance that sentence were void. The State agreed, and, on September 17 or 19,[1] 2002, the Shelby County Criminal Court granted post-conviction relief as to the petitioner's sentence only, and the matter was remanded to the trial court for resentencing.

On December 12, 2002, the petitioner filed an "amendment" to his original post-conviction petition, objecting to the September 17 or 19 order for resentencing because the "punishment [was] not known to or contemplated by convicting jurors [and would] constitut[e] prejudice to [the] judicial process[.]" He filed a second "amendment" on January 24, 2003, alleging he received the ineffective assistance of counsel. On February 21, 2003, the post-conviction court dismissed the amendments, finding that the trial court no longer had jurisdiction over any amendments as relief had been granted on September 19, 2002, and that any additional claims were barred by the statute of limitations.

On November 4, 2003, the trial court resentenced the petitioner to twenty-five years on the especially aggravated robbery conviction, acting under the authority of the September 17 or 19 grant of post-conviction relief. He was given pretrial jail credit from September 27, 1993. The petitioner appealed the resentencing judgment, and this court held that the petitioner failed to establish that he was entitled to relief.

On February 25, 2005, the petitioner filed another petition for writ of habeas corpus and demanded release from custody. In that petition, he claimed that the fourteen-month period between the September 2002 order regarding his sixty-year sentence and the actual

---

[1] Previous court opinions and the record before us are not consistent as to the correct date.

resentencing on November 4, 2003, stripped the court of jurisdiction to sentence him, rendering the twenty-five-year sentence void. On appeal from the habeas court's dismissal of his petition, this court concluded that "[t]he petitioner's personal beliefs notwithstanding, the law *does not* entitle him to immediate release or further habeas corpus relief." Richard Madkins v. State of Tennessee and Ricky Bell, Warden, No. M2005-02873-CCA-R3-HC, 2007 WL 595711, *3 (Tenn. Crim. App. Feb. 26, 2007), perm. to appeal denied (Tenn. June 18, 2007).

Evidently, the petitioner was informed in late 2010 and early 2011 that he was serving an effective sentence of forty-three years: eighteen years in the assault with intent to commit robbery by use of a deadly weapon case and twenty-five years in the especially aggravated robbery case, which were to be served consecutively. He was informed that his sentences were set to expire on November 8, 2023.

The petitioner filed the instant petition for habeas corpus relief on February 17, 2011. The habeas court summarily dismissed the petition on February 18, 2011, finding that the petitioner failed to prove that his sentence had expired and that the trial court had authority and jurisdiction to sentence him to the sentence he received. The petitioner appealed.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

As we understand his argument in this appeal, the petitioner asserts that his eighteen-year sentence expired on June 8, 2000 and, because he was not resentenced until November 4, 2003, he should have been released from custody and his twenty-five-year sentence is void.

A panel of this court, on a previous habeas petition by the petitioner, already determined that the trial court had jurisdiction to resentence the petitioner to twenty-five years in the especially aggravated robbery case and that the sentence was not void. Madkins, 2004 WL 2290498, at *2. Candace Whisman of the Tennessee Department of Correction provided a detailed affidavit concerning the calculation and expiration of the petitioner's sentences, showing the expiration of the effective forty-three-year sentence being November 8, 2023. Even though the eighteen-year portion of the petitioner's sentence expired June 8, 2000, the sentence in the especially aggravated robbery case was to begin at the expiration of the previous case and be served consecutively to it. The petitioner has failed to establish either a void judgment or an illegal confinement by a preponderance of the evidence.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE