IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 4, 2013

## RICHARD MADKINS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 6609     Joseph H. Walker, Judge**

_____

**No. W2012-02450-CCA-R3-HC  - Filed July 2, 2013**

_____

Richard Madkins ("the Petitioner") filed a petition for writ of habeas corpus. The habeas corpus court summarily dismissed his petition without a hearing, and the Petitioner now appeals. On appeal, the Petitioner presents three claims: (1) that the trial court violated his Sixth Amendment rights when it sentenced him to twenty-five years for his especially aggravated robbery conviction; (2) that the trial court did not have authority to sentence the Petitioner as a Range I offender because the State waived Range I sentencing when it filed a notice of intent to seek Range III punishment; and (3) that the Petitioner's sentence violates principles of double jeopardy. After a thorough review of the record and the applicable law, we affirm the habeas corpus court's summary dismissal of the petition for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Richard Madkins, pro se, Henning, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; and Jeffrey D. Zentner, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

To assist in understanding the procedural history of this case, we recite the facts stated by this Court in the Petitioner's last habeas corpus appeal:

On May 23, 1985, in case number 84–04503, the petitioner was convicted of assault with intent to commit robbery by use of a deadly weapon and was sentenced to eighteen years in the Department of Correction. He was released on supervised parole on January 10, 1991 and, while on such, committed offenses which resulted in especially aggravated robbery and attempted felony murder convictions on October 5, 1994. He was sentenced to consecutive terms of sixty years for each offense. On appeal to the Tennessee Supreme Court, the court affirmed the petitioner's conviction for especially aggravated robbery but reversed his conviction for attempted felony murder, holding that the offense of attempted felony murder did not exist in Tennessee. See State v. Madkins, 989 S.W.2d 697, 699 (Tenn.1999). The matter was remanded for trial on the charge of attempted second degree murder, if the State so elected to proceed. See Richard Madkins v. State, No. W2003–02937–CCA–R3–PC, 2004 WL 2290498, at * 1 (Tenn.Crim.App. Oct. 8, 2004).

On January 4, 2002, the petitioner filed a petition for writ of habeas corpus in the Davidson County Criminal Court challenging the legality of some of his 1984 and 1985 convictions that were used to enhance his 1994 especially aggravated robbery sentence. On April 24, 2002, the Davidson County Criminal Court granted habeas relief, finding the sentences in case numbers 84–04938, 84–04939, 85–00678, 85–00679, 85–00680, and 85–00681 were void and remanding the case to the Shelby County Criminal Court for further action. On May 14, 2002, the petitioner filed a petition for post-conviction relief, challenging his 1994 sentence for especially aggravated robbery in light of the Davidson County Criminal Court's having found that six of the prior convictions used to enhance that sentence were void. The State agreed, and, on September 17 or 19, 2002, the Shelby County Criminal Court granted post-conviction relief as to the petitioner's sentence only, and the matter was remanded to the trial court for resentencing.

On December 12, 2002, the petitioner filed an "amendment" to his original postconviction petition, objecting to the September 17 or 19 order for resentencing because the "punishment [was] not known to or contemplated by convicting jurors [and would] constitut[e] prejudice to [the] judicial process [.]" He filed a second "amendment" on January 24, 2003, alleging he received the ineffective assistance of counsel. On February 21, 2003, the post-conviction court dismissed the amendments, finding that the trial court no longer had jurisdiction over any amendments as relief had been granted on

September 19, 2002, and that any additional claims were barred by the statute of limitations.

On November 4, 2003, the trial court resentenced the petitioner to twenty-five years on the especially aggravated robbery conviction, acting under the authority of the September 17 or 19 grant of post-conviction relief. He was given pretrial jail credit from September 27, 1993. The petitioner appealed the resentencing judgment, and this court held that the petitioner failed to establish that he was entitled to relief.

On February 25, 2005, the petitioner filed another petition for writ of habeas corpus and demanded release from custody. In that petition, he claimed that the fourteen-month period between the September 2002 order regarding his sixty-year sentence and the actual resentencing on November 4, 2003, stripped the court of jurisdiction to sentence him, rendering the twenty-five-year sentence void. On appeal from the habeas court's dismissal of his petition, this court concluded that "[t]he petitioner's personal beliefs notwithstanding, the law *does not* entitle him to immediate release or further habeas corpus relief." Richard Madkins v. State of Tennessee and Ricky Bell, Warden, No. M2005–02873–CCA–R3–HC, 2007 WL 595711, at *3 (Tenn. Crim. App. Feb. 26, 2007), perm. to appeal denied (Tenn. June 18, 2007).

Evidently, the petitioner was informed in late 2010 and early 2011 that he was serving an effective sentence of forty-three years: eighteen years in the assault with intent to commit robbery by use of a deadly weapon case and twenty-five years in the especially aggravated robbery case, which were to be served consecutively. He was informed that his sentences were set to expire on November 8, 2023.

The petitioner filed the instant petition for habeas corpus relief on February 17, 2011. The habeas court summarily dismissed the petition on February 18, 2011, finding that the petitioner failed to prove that his sentence had expired and that the trial court had authority and jurisdiction to sentence him to the sentence he received. The petitioner appealed.

Richard Madkins v. Henry Steward, Warden, W2011-00663-CCA-R3-HC, 2011 WL 6000262 at *1-2 (Tenn. Crim. App. Nov. 30, 2011) (footnote omitted). This Court affirmed the habeas corpus court's judgment. Id. at *3.

The Petitioner then filed this petition for habeas corpus relief on September 19, 2012, arguing that his Sixth Amendment rights had been violated, that the trial court did not have jurisdiction to sentence him as a Range I offender, and that his sentence violated principles of double jeopardy. The habeas corpus court summarily dismissed that petition without a hearing on September 20, 2012, holding that habeas corpus relief was not appropriate in the Petitioner's case. The Petitioner then filed a Motion to Alter or Amend a Judgment on October 18, 2012, and the habeas court denied the motion on October 22, 2012. The Petitioner then timely appealed.

**Analysis**

The decision to grant habeas corpus relief is a question of law, and, thus, our Court's standard of review is de novo, with no presumption of correctness. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000); Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. CONST. art. I, § 9, cl. 2; Tenn. CONST. art. I, § 15. In Tennessee, however, this right has been governed by a statute for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101 et seq. ("Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.").

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). On the other hand, "a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Preliminarily, we note that the State also argued that the petition should be dismissed because it does not meet the procedural requirements for filing an application for habeas

corpus relief. Although the Petitioner clearly did fail to satisfy some procedural requirements in this case, the trial court did not address this issue. As a result, based on prior holdings of this Court, we are compelled to address the merits of this appeal. See Darwin Theus v. David Mills, No. W2005-02204-CCA-R3-HC, 2006 WL 739883, at *2 (Tenn. Crim. App. Mar. 23, 2006) (if a trial court decides a petition on its merits, "an appellate court should not then rely on such deficiencies to defeat an appeal thereof."); see also Conal Decker v. State, E2010-01258-CCA-R3-HC, 2011 WL 676168, at *3 (Tenn. Crim. App. Feb. 24, 2011).

*Sixth Amendment Claim*

The Petitioner first argues that the trial court illegally sentenced him to twenty-five years because the court relied on enhancement factors not found by the jury, thus violating his rights as interpreted by the United State Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The Petitioner has failed, however, to provide any proof that the trial judge sentenced him based on constitutionally impermissible enhancement factors. The only evidence of the sentence imposed by the trial court in the record is the judgment sheet, which by itself gives no indication as to what the trial judge used in determining the sentence. The Petitioner has not made a showing that his judgment is void, and we will not grant relief based on this claim.

*Waiver of Sentence*

The Petitioner next argues that his sentence violates the "waiver rule announced in Stave v. Mahler, 735 S.W.2d 226 (Tenn. 1987)." The Petitioner apparently interprets Mahler's "waiver rule" to mean that if a defendant can waive range classification, then the State's filing of a notice of intent to seek a certain sentencing range limits a trial court's jurisdiction to sentencing him at the range the State is seeking. The Petitioner's argument relies on an interpretation of Mahler in State v. Watkins, 804 S.W.2d 884, 886 (Tenn. 1991). Both Mahler and Watkins, however, are distinguishable from the instant case.

First, Mahler was a post-conviction appeal, and Watkins was a direct appeal. Furthermore, both sentences in those cases were imposed as the result of guilty pleas instead of jury verdicts. Since the Petitioner's conviction was the result of a jury verdict, neither Mahler nor Watkins are determinative of our inquiry.

Mahler's reasoning, however, has since been applied to jury verdicts. In Edwards v. State, 269 S.W.3d 915, 922-23 (Tenn. 2008), the defendant was convicted by a jury of burglary. The trial court classified him as a persistent offender and imposed a Range III, nine-year sentence. This Court affirmed the trial court. Id. at 917. Nearly six years after his direct appeal concluded, the Edwards defendant filed for habeas corpus relief. The Edwards

defendant argued that he was not properly classified, and, therefore, the court that sentenced him lacked jurisdiction to do so. The Edwards court, however, disagreed. Id. at 919. The court, citing Hoover v. State, 215 S.W.3d 776 (Tenn. 2007), noted that offender classification is non-jurisdictional. Edwards, 269 S.W.3d at 923 (quoting Hoover, 215 S.W.3d at 780). Based on this proposition, the supreme court held that "errors and/or irregularities in offender classification are . . . not grounds for habeas corpus relief if the sentence is imposed by a trial court after a jury conviction." Id. at 924. "Rather, relief for such non-jurisdiction errors must be obtained, if at all, in a timely filed appeal as of right or in a timely filed petition seeking post-conviction relief." Id.

The Tennessee Supreme Court later clarified its holding in Edwards. In Cantrell v. Easterling, 346 S.W.3d 445, 458-59 (Tenn. 2011), the court reiterated the non-jurisdictional nature of offender classification but cautioned that the language in Edwards stating that sentencing errors are non-jurisdictional "does *not* stand for the proposition that an offender classification can never, under any circumstances, be illegal." Id. at 459 (emphasis in original). "While a trial court may make an error in offender classification, the error is not going to render the sentence illegal so long as the classification falls within the purview of the Sentencing Act. That is because the trial court had the *jurisdiction* to make the error." Id. (citing Edwards, 269 S.W.3d at 924) (emphasis in original).

The Petitioner was convicted by a jury and asserts that, because the trial court sentenced him as a Range I offender, instead of a Range III offender as requested by the state, the trial court forfeited its jurisdiction. Such alleged errors in sentencing, however, are non-jurisdictional when a sentence follows a jury conviction. See Edwards, 269 S.W.3d at 924. Because non-jurisdictional errors are not reviewable in a habeas corpus proceeding following a jury verdict, the Petitioner is not entitled to relief unless his sentence is illegal. See Cantrell, 346 S.W.3d at 459. The difference between an illegal sentence and a voidable one is that a voidable sentence is "statutorily available but ordinarily inapplicable to a given defendant," and an illegal sentence is "simply unavailable under the Sentencing Act." Id. at 454.

A jury convicted the Petitioner of especially aggravated robbery. Especially aggravated robbery was classified as a Class A felony at the time the Petitioner committed his offense. See Tenn. Code Ann. § 39-13-403 (1991). For a Class A felony sentence, a Range I sentence is not less than fifteen years but not more than twenty-five years. Id. The Petitioner was sentenced as a Range I offender to twenty-five years. Thus, his sentence is within the range allowed by statute for a conviction of especially aggravated robbery. Therefore, the trial court imposed a sentence within the parameters of the Sentencing Act.

Accordingly, the judgment is not void on its face. As a result, the Petitioner is not entitled to habeas corpus relief on this claim.[1]

*Double Jeopardy*

Lastly, the Petitioner argues that his sentence violates his constitutional right not to be placed in double jeopardy. Closer inspection of the Petitioner's argument, however, reveals a different claim.[2] The Petitioner actually argues that because his eighteen-year conviction expired on June 8, 2000, and he was not resentenced until November 4, 2003, the trial court did not have jurisdiction to sentence him. The Petitioner, however, made this same argument in his last petition for writ of habeas corpus. See Madkins v. Steward, W2011-00663-CCA-R3-HC, 2011 WL 6000262, at *3 (Tenn. Crim. App. Nov. 30, 2011). This Court held on appeal that

> the trial court had jurisdiction to resentence the petitioner to twenty-five years in the especially aggravated robbery case and that the sentence was not void. Candace Whisman of the Tennessee Department of Correction provided a detailed affidavit concerning the calculation and expiration of the petitioner's sentences, showing the expiration of the effective forty-three-year sentence being November 8, 2023. Even though the eighteen-year portion of the petitioner's sentence expired June 8, 2000, the sentence in the especially aggravated robbery case was to begin at the expiration of the previous case and be served consecutively to it. The petitioner has failed to establish either a void judgment or an illegal confinement by a preponderance of the evidence.

Id. (internal citation omitted).

Because this issue already has been decided, the law of the case doctrine precludes us from further review of this issue. The law of the case doctrine mandates that "an appellate

---

[1]We further note that the Petitioner argues that, because his sentence is illegal, he must be released from custody immediately. Even if the Petitioner's arguments had merit, this would not be the appropriate relief. When "a trial court imposes an illegal sentence after a jury trial, the illegal sentence may be corrected in a habeas corpus proceeding, but the conviction will remain intact." Edwards, 269 S.W.3d at 915 (citing Smith v. Lewis, 202 S.W.3d 126, 130 (Tenn. 2006)). Because the Petitioner was convicted by a jury, and he only challenges his sentence on this issue, his relief would be resentencing, not release from custody.

[2]Even if we were to recognize the Petitioner's claim as a double jeopardy argument, he would not be entitled to relief. Double jeopardy claims are not cognizable in a petition for writ of habeas corpus. See Patrick Thurmond v. David Sexton, E2010-02256-CCA-R3-HC, 2011 WL 6016890, at *4 (Tenn. Crim App. Dec. 5, 2011), perm. app. denied (Tenn. Mar. 9, 2012); William A. Ransom v. State, No. 01C01-9410-CR-00361, 1995 WL 555064, at *3 (Tenn. Crim. App. Sep. 20, 1995) perm. app. denied (Tenn. Feb. 5, 1995).

court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal." Memphis Pub. Co. v. Tennessee Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998). This Court previously has held that the law of the case doctrine applies to successive petitions for writ of habeas corpus. See Joseph B. Thompson v. Tony Parker, No. W2008-02399-CCA-R3-HC, 2009 WL 4723404, at *4 (Tenn. Crim. App. Dec. 9, 2009). The facts in this case have not changed from the Petitioner's last appeal, and he has presented nothing new in this claim. Therefore, the Petitioner is not entitled to relief.

## CONCLUSION

Based on the above reasoning, we affirm the habeas court's summary dismissal of the petition.

_____
JEFFREY S. BIVINS, JUDGE