IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2017

## RICHARD EARL MADKINS, JR. v. BLAIR LEIBACK, WARDEN

**Appeal from the Circuit Court for Trousdale County**
**No. 2016-CV-4582  John D. Wootten, Jr., Judge**

_____

### No. M2017-01154-CCA-R3-HC

_____

The Petitioner, Richard Earl Madkins, Jr., filed a petition in the Trousdale County Circuit Court seeking habeas corpus relief from his conviction of especially aggravated robbery and resulting twenty-five-year sentence, alleging that the trial court did not have jurisdiction to convict or sentence him because he was arrested for the offense without a warrant. The habeas corpus court denied relief without a hearing, and the Petitioner appeals. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Richard Earl Madkins, Jr., Pro Se, Hartsville, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; and Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In September 1993, the Petitioner and his codefendant shot the victim while she was in her car and removed a sack containing $15,000 from the trunk. State v. Madkins, 989 S.W.2d 697, 698 (Tenn. 1999). A jury convicted the Petitioner of especially aggravated robbery and attempted felony murder, and he received consecutive, sixty-year sentences. Id. Ultimately, our supreme court reversed the Petitioner's conviction of attempted felony murder, and the trial court resentenced him to twenty-five years for especially aggravated robbery. See Richard Earl Madkins, Jr. v. State, No. W2015-

02238-CCA-R3-HC, 2016 WL 6312037, at *1-2 (Tenn. Crim. App. at Jackson, Oct. 28, 2016).

According to the Petitioner's brief, he filed a petition for a writ of habeas corpus in the Trousdale County Circuit Court on December 20, 2016, and the habeas corpus court denied the petition on February 13, 2017.[1] On March 17, 2017, the Petitioner filed a motion titled "Motion to Alter or Amend Judgment and Memorandum of Law" in the Trousdale County Circuit Court. In the motion, the Petitioner raised various grounds as to why the habeas corpus court erred by denying his petition for habeas corpus relief. Relevant to this appeal, the Petitioner claimed that the trial court lacked jurisdiction to convict or sentence him because the State never obtained an arrest warrant charging him with especially aggravated robbery. On May 9, 2017, the Trousdale County Circuit Court filed a brief written order denying the motion.

## II. Analysis

On appeal, the Petitioner claims that the habeas corpus court erred by denying his petition for habeas corpus relief, maintaining that the trial court did not have jurisdiction to convict him of especially aggravated robbery or sentence him for the offense because he was arrested without a warrant. The State argues that the Petitioner has waived his claim because he did not provide an adequate record for our review and that, in any event, he is not entitled to relief. We agree with the State.

The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or

_____

[1] This was the Petitioner's fifth petition for habeas corpus relief. See id. at *2.

- 2 -

because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The Petitioner's December 20, 2016 petition for habeas corpus relief and the habeas corpus court's February 13, 2017 order denying the petition are not in the appellate record. "It is well-settled that the duty to prepare a record which 'conveys a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal' rests on the appellant." State v. Bobadilla, 181 S.W.3d 641, 643 (Tenn. 2005) (quoting Tenn. R. App. P. 24(b)). Accordingly, "[w]hat is in the record sets the boundaries for what the appellate courts may review, and thus only evidence contained therein can be considered." Id. (citing State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987)). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). We conclude that the Petitioner has waived the issue and that we must presume the habeas corpus court's ruling was correct.

We note that "appellate courts have the authority to supplement a record when necessary." State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012) (citing Tenn. R. App. P. 24(e). In this case, though, the Petitioner argues that he is entitled to habeas corpus relief because he was arrested for the offense of especially aggravated robbery without a warrant. However, "all questions as to the sufficiency of the [arrest] warrant are foreclosed by the finding of an indictment." Jones v. State, 332 S.W.2d 662, 667 (Tenn. 1960). "Neither an illegal warrantless arrest nor an arrest made under color of an invalid warrant invalidates or otherwise affects the validity of an indictment or presentment returned by a grand jury subsequent to the arrest." State v. Marvin Anthony Matthews, No. 02-C-01-9206-CC-00141, 1989 WL 407329, at *3 (Tenn. Crim. App. at Jackson, Mar. 24, 1993). The Petitioner acknowledges that he was charged by indictment in this case. Therefore, his warrantless arrest did not render his judgment void, and supplementing the record with the petition for habeas corpus relief and the court's order denying the petition is unnecessary.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the habeas corpus court's denial of the petition for a writ of habeas corpus.

_____
NORMA MCGEE OGLE, JUDGE

- 3 -